Michael C. Salvo, Esq.
AHMUTY DEMERS & MCMANUS
65 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Phone: (973) 984-7311
File #: CVSP3 0212J22 MCS/FKL
*Attorneys for Defendants NEW JERSEY CVS PHARMACY, LLC (i/s/h/a CVS PHARMACY INC. and NEW JERSEY CVS PHARMACY, LLC)*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHERYL MURRAY,**<br><br>**Plaintiff(s),**<br><br>**VS.**<br><br>**CVS PHARMACY INC, NEW JERSEY CVS PHARMACY, L.L.C., ZBS REALTY, LLC c/o ROBERT LEBOVICS, "JOHN DOES 1-5", and "ABC COMPANIES 1-5", (both being fictitious designations),**<br><br>**Defendant(s).** | **CIVIL ACTION NO.: 2:22-cv-02180 (KM)(AME)**<br><br>**CIVIL ACTION**<br><br>**ANSWER TO COMPLAINT** |

The Defendant, *NEW JERSEY CVS PHARMACY, LLC (i/s/h/a CVS PHARMACY INC. and NEW JERSEY CVS PHARMACY, LLC),* by way of Answer to Plaintiff's Complaint, says:

**FIRST COUNT**

1: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph designated "1" of the FIRST COUNT of the Complaint and respectfully refers all questions of law to the Honorable Court.

2: Denies upon information and belief each and every allegation contained in the paragraph designated "2" of the FIRST COUNT of the Complaint, as to New Jersey CVS Pharmacy, LLC, and leaves Plaintiff to proofs.

3: Denies upon information and belief each and every allegation contained in the paragraph designated "3" of the FIRST COUNT of the Complaint, as to New Jersey CVS Pharmacy, LLC, and respectfully refers all questions of law to the Honorable Court.

4: Denies upon information and belief each and every allegation contained in the paragraph designated "4" of the FIRST COUNT of the Complaint, as to New Jersey CVS Pharmacy, LLC, and leaves Plaintiff to proofs.

5: Denies upon information and belief each and every allegation contained in the paragraph designated "5" of the FIRST COUNT of the Complaint, as to New Jersey CVS Pharmacy, LLC, and leaves Plaintiff to proofs.

6: Denies upon information and belief each and every allegation contained in the paragraph designated "6" of the FIRST COUNT of the Complaint, as to New Jersey CVS Pharmacy, LLC, and leaves Plaintiff to proofs.

7: Denies upon information and belief each and every allegation contained in the paragraph designated "7" of the FIRST COUNT of the Complaint, as to New Jersey CVS Pharmacy, LLC, and leaves Plaintiff to proofs.

8: Denies upon information and belief each and every allegation contained in the paragraph designated "8" of the FIRST COUNT of the Complaint, as to New Jersey CVS Pharmacy, LLC, and leaves Plaintiff to proofs.

**WHEREFORE**, the Defendant, *NEW JERSEY CVS PHARMACY, LLC (i/s/h/a CVS PHARMACY INC. and NEW JERSEY CVS PHARMACY, LLC),* demands judgment dismissing the Complaint and awarding attorney's fees and costs of suit and any further relief the Court deems equitable and just.

**SECOND COUNT**

1: The Defendant repeats, reiterates and realleges each and every denial in answer to paragraphs 1 through 8 of the FIRST COUNT of the Complaint, as if more specifically set forth at length therein.

2: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in the paragraph designated "2" of the SECOND COUNT of the Complaint and leaves Plaintiff to its proofs.

**WHEREFORE**, the Defendant, *NEW JERSEY CVS PHARMACY, LLC (i/s/h/a CVS PHARMACY INC. and NEW JERSEY CVS PHARMACY, LLC),* demands judgment dismissing the Complaint and awarding attorney's fees and costs of suit and any further relief the Court deems equitable and just.

**FIRST AFFIRMATIVE DEFENSE**

If the Plaintiff suffered damages, the same were caused by the Plaintiff's sole negligence.

**SECOND AFFIRMATIVE DEFENSE**

If the Plaintiff suffered damages, the same were caused by the Plaintiff's contributory negligence.

**THIRD AFFIRMATIVE DEFENSE**

If the Plaintiff suffered damages, the same were caused by third parties over which this answering Defendant had no control.

**FOURTH AFFIRMATIVE DEFENSE**

This answering Defendant's conduct was not negligent.

**FIFTH AFFIRMATIVE DEFENSE**

This answering Defendant's conduct was not the proximate cause of the Plaintiff's alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

At the time and place aforesaid, Plaintiff was negligent, barring or limiting recovery in whole or in part, and this answering Defendant pleads the Comparative Negligence Statute as to all parties.

**SEVENTH AFFIRMATIVE DEFENSE**

The alleged damages complained of were due to unavoidable circumstances and causes beyond the control or fault of this answering Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

This action is barred by Statute of Limitations.

**NINTH AFFIRMATIVE DEFENSE**

This case should be dismissed on the grounds that there is no personal jurisdiction over this answering Defendant.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a cause of action.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has recovered the costs of medical care, dental care, custodial care, rehabilitation services, loss of earnings and other economical loss and any future such loss or expense will, with reasonable probability, be replaced or indemnified in whole or in part from collateral sources. Any award made to Plaintiff shall be reduced in accordance with the provisions of N.J.S.A. 2A:15-97.

**TWELFTH AFFIRMATIVE DEFENSE**

The incident which forms the basis of this litigation and which allegedly caused the injuries and damages to Plaintiff was proximately caused or contributed to by the fault of third parties which are not parties to this suit. The responsibility of the answering Defendant and the right of Plaintiff to recover in this litigation can only be determined after the percentages of responsibility of all parties,

whether or not settled, to this litigation have been determined. Accordingly, this answering Defendant seeks an adjudication of the percentage of fault of the Plaintiff, and each and every person whose fault contributed to this incident pursuant to R. 4:7-5(c) and Young v. Latta, 123 N.J. 584 (1991).

**CROSS-CLAIMS**

The Defendant, **NEW JERSEY CVS PHARMACY, LLC (i/s/h/a CVS PHARMACY, INC. and NEW JERSEY CVS PHARMACY, LLC),** by way of Cross-Claims against Co-Defendant, **ZBS REALTY, LLC c/o ROBERT LEBOVICS,** and the fictitious defendants, says:

**FIRST COUNT**

1: That if the Plaintiff was caused to sustain damages at the time and place set forth in Plaintiff's Complaint through any carelessness, recklessness, and negligence other than Plaintiff's own, then said damages arose in whole or in part from the negligence of the Co-Defendants, and if any judgment is recovered herein by the Plaintiff against the answering Defendants, it will be damaged thereby and the answering Defendant will be entitled to contribution on the basis of proportionate responsibility attributable to the Co-Defendants.

**WHEREFORE**, the Defendant, **NEW JERSEY CVS PHARMACY, LLC (i/s/h/a CVS PHARMACY, INC. and NEW JERSEY CVS PHARMACY, LLC),** demands judgment of contribution from the Co-Defendants, together with interest, attorney's fees, costs of suit, and such other relief as this Court deems appropriate and equitable.

**SECOND COUNT**

1: That if the Plaintiff was caused to sustain damages at the time and place set forth in Plaintiff's Complaint through any carelessness, recklessness, and negligence other than Plaintiff's own, then said damages arose in whole or in part from the active carelessness, negligence and/or breach of common law and/or statutory duty of the Co-Defendants with the negligence, if any, on the part of the

answering Defendant being passive, secondary, derivative and/or vicarious in nature. If any judgment is recovered herein against the answering Defendant, then the answering Defendant will be entitled to complete indemnification from the Co-Defendants named above for the full amount of any recovery claimed or obtained by the Plaintiff as against the answering Defendant.

**WHEREFORE,** that if the Plaintiff was caused to sustain damages at the time and place set forth in Plaintiff's Complaint through any carelessness, recklessness, and negligence other than Plaintiff's own, then said damages arose in whole or in part from the negligence of the Co-Defendants, and if any judgment is recovered herein by the Plaintiff against the answering Defendant, it will be damaged thereby and the answering Defendant will be entitled to indemnification on the basis of proportionate responsibility attributable to the Co-Defendants.

**THIRD COUNT**

1. While denying any negligence in this action, this Defendant says that if there was any negligence, then the negligence of this Defendant was secondary only and the negligence of the Co-Defendants, **ZBS REALTY, LLC c/o ROBERT LEBOVICS,** and the fictitious defendants**,** was primary.

2. Accordingly, Co-Defendants, **ZBS REALTY, LLC c/o ROBERT LEBOVICS,** and the fictitious defendants, are obligated by operation of law, contract and otherwise, to indemnify this Defendant and hold it harmless from any and all claims which are the subject matter of the Complaint.

**WHEREFORE,** Defendant demands judgment against the Co-Defendants, **ZBS REALTY, LLC c/o ROBERT LEBOVICS,** and the fictitious defendants, for such sum or sums of money, if any, as may be found to be due in this action in favor of the Plaintiff, or for any settlement made, together with interest, costs and counsel fees.

## ANSWER TO ALL CROSS-CLAIMS

The Defendant, **NEW JERSEY CVS PHARMACY, LLC (i/s/h/a CVS PHARMACY, INC. and NEW JERSEY CVS PHARMACY, LLC),** by way of Answer to any and all Cross-Claims, says:

The Defendant denies each and every allegation contained in the Co-Defendants' Cross-Claims and therefore leaves Cross-Claimants to their proofs.

## NOTICE TO PRODUCE DOCUMENTS

PLEASE TAKE NOTICE that pursuant to Rule 4:18-1, request is hereby made of the Plaintiff, by these Defendant, that you produce true, complete and accurate copies of the following documents to this office, within thirty (30) days of the date hereof:

1. Copies of any prior discovery, including pleadings; motions; Orders; answers to interrogatories; deposition transcripts; demand for documents; request for admissions; and responses thereto exchanged between parties in this action, with attachments and/or amendments.

## REQUEST FOR STATEMENT OF DAMAGES

TO: **ATTORNEY FOR PLAINTIFF**

PLEASE TAKE NOTICE that in accordance with Rule 4:5-2, the undersigned requests that within five (5) days of service hereof upon you, you serve upon us a written statement of the amount of damages claimed in the above-entitled action.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, be advised that MICHAEL C. SALVO, ESQ., has been assigned as trial counsel on behalf of *NEW JERSEY CVS PHARMACY, LLC (i/s/h/a CVS PHARMACY INC. and NEW JERSEY CVS PHARMACY, LLC),* in the above-captioned matter.

**REQUEST FOR ALLOCATION PURSUANT TO RULE 4:7-5(c):**

If any co-defendant settles prior to verdict, this defendant will seek an allocation by the fact finder of the percentage of negligence against the settling defendant. This defendant will seek this allocation, whether or not this defendant has formally filed a crossclaim against the settling defendant. This defendant will rely upon the direct examination and cross-examination of the plaintiff's expert witnesses, and any and all other witnesses at the time of trial, in support of this allocation and specially reserve the right to call any and all such witnesses. All parties are being apprised of this pursuant to Rule 4:7-5(c) and Young v. Latta, 123 N.J. 584 (1991).

**JURY DEMAND**

The Defendant, *NEW JERSEY CVS PHARMACY, LLC (i/s/h/a CVS PHARMACY INC. and NEW JERSEY CVS PHARMACY, LLC),* hereby demands a trial by jury on all issues.

AHMUTY DEMERS & McMANUS, ESQS.
Attorneys for Defendant

By: /s/ *Michael C. Salvo*

MICHAEL C. SALVO, ESQ.

Dated: April 19, 2022

**CERTIFICATION**

1. Pursuant to Local Rule 11.2, the undersigned thereby certifies that at the time of filing of this pleading, the matter in controversy is not the subject of any other action pending in any Court and/or Arbitration proceeding.

2. I certify that the within pleading was filed within the time prescribed by the Court Rules that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

AHMUTY DEMERS & McMANUS, ESQS.
Attorneys for Defendant

By: */s/ Michael C. Salvo*

MICHAEL C. SALVO, ESQ.

Dated: April 19, 2022

**CERTIFICATE OF MAILING**

I, MICHAEL C. SALVO, ESQ., certify that on the 19th day of April, 2022, I forwarded a copy of the within **ANSWER TO COMPLAINT, SEPARATE DEFENSES, CROSS-CLAIMS, NOTICE TO PRODUCE DOCUMENTS, REQUEST FOR WRITTEN STATEMENT OF DAMAGES CLAIMED, REQUEST FOR ALLOCATION PURSUANT TO RULE 4:7-5(c)DESIGNATION OF TRIAL COUNSEL** and **JURY DEMAND** on behalf of the Defendant, *NEW JERSEY CVS PHARMACY, LLC (i/s/h/a CVS PHARMACY INC. and NEW JERSEY CVS PHARMACY, LLC),* to the following attorneys for the respective parties thereto via ECF:

Shane Alexander Sullivan, Esq.
Jae Lee Law, P.C.
2050 Center Avenue- Suite 120
Fort Lee, NJ 07024
***ATTORNEY FOR PLAINTIFF***

I certify that the foregoing statements made by me are true. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

By: */s/ Michael C. Salvo*

MICHAEL C. SALVO, ESQ.

Dated: April 19, 2022